UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM HALL,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>DAVID F. CAPELESS, et al.,  )<br>  )<br>  Defendants.  )<br>  ) | Civil Action No. 19-30138-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                             **January 20, 2021**

**I.     Introduction**

Plaintiff Adam Hall ("Hall"), a Massachusetts inmate now housed at the Columbia Correctional Institution in Lake City, Florida, initiated this civil rights action by filing a *pro se* complaint on behalf of himself and his minor child. D. 1. At that time, the case was assigned to another session of this Court.[1] D. 3. Hall was granted leave to proceed *in forma pauperis* and was ordered to file an amended complaint to cure the pleading deficiencies of the original complaint.[2] D. 4.

On March 13, 2020, Hall filed an amended complaint, D. 9, and the clerk issued summonses for service. D. 10. The case caption of the amended complaint names as Defendants Carol Mici, Erin Gaffney, Jennifer Boyts and "others." D. 9; see id. at ¶ 22. Hall alleges that he was denied

---

[1] On July 21, 2020, Judge Mastroianni entered an order of recusal, D. 60, and the case was reassigned to this session. D. 61.

[2] On July 23, 2020, the United States Court of Appeals for the First Circuit dismissed Hall's appeal of the February 26, 2020 Memorandum and Order. D. 62.

access to the courts, deprived of payment for prison employment, denied the ability to earn good time credits, and deliberately indifferent to cruel and unusual conditions in Florida.

Hall arranged for service of the summons and amended complaint by the United States Marshals Service ("USMS").  Carol A. Mici, Commissioner of Correction, and Jennifer Boyts, Manager of the County, Federal Interstate Unit ("Defendants") were served. D. 24, 26.  Hall, however, failed to file proof of service of the summons and amended complaint on Erin Gaffney, former Assistant Deputy Commissioner.  D. 25.  On April 24, 2020, the USMS filed the process receipt and return for Gaffney stating that he does not work at the address Hall provided to the USMS. Id.

Now pending is a motion to dismiss the amended complaint pursuant to Fed. R. C. P. 12(b)(6) filed by Mici and Boyts, the only Defendants who have been served.  D. 38.  Hall has opposed the motion.  D. 44.  Hall has now moved to amend, D. 64, and filed a renewed motion for preliminary injunction. D. 67.  Defendants oppose the renewed motion for preliminary injunction.  D. 68.  Hall also filed a motion that, among other things, seeks to amend his request for preliminary injunction. D. 69.  Most recently, Hall filed a motion for reconsideration as to various rulings by this Court. D. 85.

## II. Motion to Dismiss

### A. Standard of Review

To survive a motion to dismiss, a complaint "must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007)).  To determine whether the factual allegations in the complaint are sufficient to survive a motion to dismiss, the Court "employ[s] a two-pronged approach."  Soto-

Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011). "The first prong is to identify the factual allegation and to identify statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory." Id. The second prong is to assess whether the factual allegations "'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. at 159 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009)). If they do, "the claim has facial plausibility." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Soto-Torres, 654 F.3d at 159 (quoting Sepúlveda-Villarini v. Dep't. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010)). Moreover, a *pro se* plaintiff, like Hall, is entitled to a liberal reading of his allegations, no matter how unartfully pled. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### B. Discussion

Hall asserts a number of claims under 42 U.S.C. § 1983. Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under Section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." Barreto–Rivera v. Medina–Vargas, 168 F.3d 42, 45

3

(1st Cir. 1999). Dismissal is appropriate because Hall has not alleged a constitutional deprivation for which he can recover under Section 1983. In the amended complaint, D. 9, Hall asserts the following claims seeking damages and/or injunctive relief.

### 1. Transfer from the Columbia Correctional Institution

Hall complains of his 2014 transfer from Massachusetts to Florida and seeks an "injunction to be moved within a reasonable proximity to family, such as Tennessee, Maine, Vermont, New Hampshire, Indiana, South Florida, or be sent back to Massachusetts. D. 9 at p. 11. In his opposition to the Defendants' motion to dismiss, Hall states that if he "is forced to Florida[, then he] has a right to be sent close to his only Florida family member in South Florida." D. 44 at p. 11.

An inmate "has no justifiable expectation that he will be incarcerated in any particular State," Olim v. Wakinekona, 461 U.S. 238, 245 (1983), and does not have a constitutional right to a particular security classification or to confinement in a particular facility. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). Hall's preference does not create a protected liberty interest, as correction officials have discretion regarding the placement of prisoners within the correctional system. Meachum v Fano, 427 U.S. 215 (1976); Dominique v. Weld, 73 F.3d 1156 (1st Cir. 1996). Moreover, the decision to transfer an inmate to an out-of-state correctional system does not impinge upon an inmate's protected liberty interest. Olim, 461 U.S. at 247. Accordingly, as Hall does not retain a liberty interest in being placed in a particular prison, his claim for transfer fails to state a Section 1983 claim.

### 2. Access to the Courts

Hall also alleges that he sent the Defendants evidence that "he is unable to access the courts, research Massachusetts laws, guidelines, caselaw, or guidelines." D. 9 at ¶ 18. Hall alleges that a

"state worker" advised Hall that if he provided a citation for a case, she would provide a copy of the case, but that she could not conduct legal research for him. Id. at ¶ 12. Hall also alleges that "the State of Florida refuses to allow Plaintiff educational materials on law so Plaintiff can address legal issues from Massachusetts." Id. at ¶ 18. Defendants contend that Hall fails to establish with any particularity whether the alleged inadequacies in his ability to conduct legal research in Florida actually hindered his pursuit of a non-frivolous legal claim. D. 39 at p. 6. In his opposition to Defendants' motion to dismiss, Hall states that he suffered actual injury when "the court denied appeals because of [Hall's] failure to follow state formats, rules and regulations, and also [a missed deadline]." D. 44 at 15. Hall states that his *pro se* litigation in family court concerning "confiscated monies and property" was unsuccessful" due to [Hall's] "forced blindness to the laws[,] guidelines and research materials of Massachusetts." Id. In response to Defendants' contention that Hall is represented by counsel in his criminal appeal,³ Hall indicates that he has counsel for only "a portion of his appeals." Id. at p. 13.

Access to the courts is a federal constitutional right that "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977), overruled on other grounds, Lewis v. Casey, 518 U.S. 343 (1996). To state a claim that he has suffered a violation of his right of access to the courts, Hall must assert

---

³ On June 26, 2020, the Supreme Judicial Court affirmed Hall's convictions of murder in the first degree and declined to order a new trial or direct the entry of a verdict of a lesser degree of guilt. Commonwealth v. Hall, 485 Mass. 145, 171 (2020). The SJC also affirmed Hall's convictions of armed robbery, assault and battery by means of a dangerous weapon, four counts of witness intimidation, four counts of kidnapping, possession of a firearm during the commission of a felony, and conspiracy. Id. at n. 1. Hall's kidnapping conviction for the conduct in 2010 was reversed and all other judgments were affirmed. Id. at 171.

facts that "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351.

Hall's conclusory allegations do not demonstrate that non-frivolous litigation had been dismissed because of Hall's inability to access legal assistance or Massachusetts legal materials at the Columbia Correctional Institution in Florida. See Hannon v. Beard, 979 F. Supp. 2d 136, 140 (D. Mass. 2013) (holding that plaintiffs did not plead facts "sufficient to demonstrate that defendants actually impeded or frustrated a non-frivolous claim" because "[m]ost of the complaints [made] general allegations that a case or claim was or could be affected by the defendants' actions that [fell] short of what Fed. R. Civ. P. 8 requires"). As Hall failed to allege facts showing that he suffered actual injury in pursuing a non-frivolous legal claim, his access to the courts claim is subject to dismissal.

### 3. Good Time Credits

Hall alleges that since his transfer to Florida, he is being denied the opportunity to earn good time credits. Hall alleges that his transfer to Florida "caused Plaintiff to be denied good time credits which Plaintiff would have access to in his home state." D. 9 at ¶ 22 (emphasis in original). He also contends that Defendants "caused plaintiff to be deprived monies for work he performed [while incarcerated in Florida]." Id. Defendants argue that even if earned good time credits were available to Hall for any of his convictions, his life without parole sentences cannot be reduced through the award of earned good time under Mass. Gen. L. c. 127, § 129D. D. 39 at 9. Next, Defendants argue that the Commissioner has discretion for awarding earned good time credit and that there is no right to earn good time until it is actually awarded. Id. at 10. Finally, Defendants state that any equal protection claim fails because inmates transferred pursuant to an interstate compact are similarly situated to inmates in the receiving state.

6

A defendant does not have a liberty or property interest in good time credits under Massachusetts law, applicable here. Linton v. O'Brien, 142 F. Supp. 3d 215, 218 (D. Mass. 2015) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). To create a protected due process liberty interest, state laws or regulations must "contain 'explicitly mandatory language,' i.e. specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." Jackson v. Russo, 495 F. Supp. 2d 225, 230 (D. Mass. 2007) (quoting Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 463 (1989)). Here, the applicable statute permits the award of good time for certain situations and activities. See Mass. Gen. L. c. 127, § 129D. As Defendants stress, however, such credits would not be available to Hall if he were serving his sentence in Massachusetts because his life without parole sentences cannot be reduced through the award of such credits. See Mass. Gen. Laws c. 265, § 2. Moreover, inmates do not have any entitlement to earned good time until the Commissioner actually awards it. See id.; see also D. 39 at p. 10.[4] For all of these reasons, Hall fails to state a constitutional claim as to good time credits.

### 4. Deliberate Indifference to Cruel and Unusual Conditions in Florida

Here, Hall alleges that the Defendants were deliberately indifferent toward alleged cruel and unusual conditions of confinement in Florida. Hall contends that the Defendants' failure to transfer him to a safer prison system constitutes deliberate indifference and failure to protect in violation of his constitutional rights because he notified Mici that he was assaulted, and fears further assault, by other inmates.

In support of his claim, Hall contends that Defendant Mici ignored her alleged "duty to make sure plaintiff was safe," D. 9 at ¶ 14. At an unspecified time, Hall "learned that he would be in

---

[4] To the extent that Hall argues that the lack of finality of his convictions should affect the analysis here, since the filing of his opposition on July 1, 2020, D. 44, Hall's convictions, except for one of four kidnapping charges, were affirmed. Commonwealth v. Hall, 485 Mass. 145, 171 (2020).

danger from rival motorcycle gang and their support gang. Id. at ¶ 7. Hall alleges that he was "ignored" for years by Mici and the Massachusetts Department of Correction, "which lead to plaintiff being [assaulted in 2018 by a gang in the Florida prison]." Id. at ¶ 15. Hall complains that he "is housed in temporary housing called Protective Management and plaintiff has a life sentence, so this action which is being ignored by the named is cruel and unusual punishment, and covered by the 1983 and federal question filing." Id. at ¶ 20. Hall claims that inaction by Defendant Mici concerning safety issues "lead to plaintiff being stabbed and almost killed which is Deliberate Indifference to plaintiff's life threatening safety issues." Id. Hall states that these safety issues include "threats by staff of the Florida Department of Corrections whom are members of the domestic terrorist group The Outlaws Motorcycle Club, which plaintiff sought aid in letters to Carol Mici prior to stabbing and abuse by staff after the attempt on plaintiff's life by prison gang run by The Outlaws Motorcycle Club which the Florida Department of Corrections employ as guards and staff." Id.

Defendants move to dismiss Hall's failure to protect claims and argue (1) the Defendants cannot be held vicariously liable; (2) the Defendants cannot be held liable for an inmate assault outside of Massachusetts because they are not in charge of security decisions at the facility; and (3) Hall fails to allege a direct relation between the actions of Massachusetts prison officials and the conditions of confinement in Florida. D. 39 at 11. Defendants also argue that any claim under the Eighth Amendment fails because Hall failed to allege that either Mici or Boyts knew of and consciously disregarded an excessive risk to Hall's safety. Id. at 12. Finally, Defendants argue that they would be entitled to qualified immunity. Id. at 12.

In his opposition, Hall explains that he was moved from Massachusetts[5] "to Florida for protections against the bloods, the Aryans, and the motorcycle gangs," and that he was recently threated by a Florida corrections officer [who is allegedly affiliated with the "outlaws"]. D. 44 at 21. Hall contends that the defendants are violating his constitutional rights by placing him "in danger and refus[ing] to help him after he is almost killed." Id. at 23. He states that Mici "is the only contact name available to plaintiff so all complaints and requests for safety aid were sent to . . . Mici and denied and ignored." Id. at 7.

To state a claim for cruel and unusual punishment under the Eighth Amendment, Hall must plead facts that plausibly suggest that he was "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" Lakin v. Barnhart, 758 F.3d 66, 70 (1st Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). A plaintiff must satisfy both an objective standard (substantial risk of serious harm) and a subjective standard (deliberate indifference) to sustain a claim of deliberate indifference. Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014) (en banc). To meet the subjective element, Hall must allege that the defendants possessed culpable intent, that is, the officials knew that he faced a substantial risk to his safety and disregarded that risk by failing to take corrective action. Farmer, 511 U.S. at 834, 837. "[A]n official's failure to alleviate

---

[5] Hall also states that in 2014 he was transferred to Florida after advising Mici of his intent to file a civil complaint concerning alleged constitutional deprivations. D. 44 at 5. The applicable three-year statute of limitation would bar any claim of retaliatory transfer because the applicable limitations period is three years. The statute of limitation for claims under 42 U.S.C. § 1983 is borrowed from the forum state's statute of limitations for personal injury claims. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004); see Mass. Gen. L. c. 260, § 2A (three-year statute of limitations for personal injury claims).

a risk that he should have perceived but did not" is not sufficient to violate the Eighth Amendment. Id. at 838.

Hall's amended complaint fails to state a cognizable Eighth Amendment claim for relief because he has no constitutional right to be housed at a particular prison and he fails to allege facts sufficient for a failure to protect claim. Hall has been in custody in Florida since 2014 and complains that his safety is not assured by the Defendants. He alleges that he was threatened by a gang-affiliated correctional officer, but he has not alleged that either of the two defendants have any control over the conditions at the Columbia Correctional Institution or any of the prisons in Florida. Hall also fails to allege facts that would allow the Court to find that the risk of harm created by his transfer to Florida (or failure to transfer Hall from Florida) was foreseeable, and "that there was 'some direct relation between the injury asserted and the injurious conduct alleged.'" Cty of L.A. v. Mendez, 137 S. Ct. 1539, 1548-49 (2017) (citations omitted). Hall has not shown that risks to his safety were a foreseeable consequence of his transfer to Florida and the allegations are far too conclusory to be accepted as true without factual support. Papasan v. Allain, 478 U.S. 265, 286 (1986) (finding courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Although Hall alleges that he sent letters to Mici describing his fear of assault in Florida, both before and after the 2018 assault by another inmate, Hall has not alleged facts that suggest the Defendants knew of and consciously disregarded an excessive risk to Hall's safety. The failure of Defendants to transfer Hall to a prison in Southern Florida, or to one of the other prisons suggested by Hall, does not amount to deliberate indifference. Thus, Hall's deliberate indifference claim is subject to dismissal.

### III.     Motion for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 576 U.S. 863, 876 (2015) (internal citation and quotation marks omitted). "The *sine qua non* of this four-part inquiry is likelihood of success on the merits." Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam) (internal citation and quotation marks omitted). "To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere possibility' of success -- rather, they must establish a 'strong likelihood' that they will ultimately prevail." Id. (citation omitted). The burden of proof is on the movant. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

Here, an adequate showing of a likelihood of success is absent. Hall's motion recounts his 2014 transfer from Massachusetts to a series of prisons in Florida as well as the conditions of his current confinement in Florida. D. 67. Hall seeks to be moved from Florida to a prison where he will be "safe from cruel and unusual treatment" and to be "protected from unknown threats to life and bodily harm." Id. at ¶ 26. He asks to be moved to "a state prison system such as Vermont which sends all gang members to federal prisons or to a safe prison or safe housing unit in Maine which has few gang members and can house plaintiff safely, or order the federal authorities to act in plaintiff's safety because it was they who allowed the public and all threat groups to be informed of meetings with the FBI." Id. at ¶ 29. Given that his various claims arising under Section 1983 are subject to dismissal, as discussed above, Hall has failed to show a likelihood of success on the merits, the key factor for entitlement to preliminary injunctive relief. Accordingly, the Court denies Hall's motion for preliminary injunction, including transfer. D.67.

11

### IV.     Motion to Amend

After Defendants moved to dismiss Hall's amended complaint, Hall moved to amend by raising new claims and adding new defendants. D. 64. In his motion, Hall states that he "is blinded" from state and federal law while held in Florida and housed in the Protective Management Unit. Id. at 1. Hall contends that after he was ordered in February to file an amended complaint, his "forced blindness" caused him "to amend his complaints in pieces instead of in one filing." Id. Hall complains that the order did not state that the complaints must be amended in one filing.[6] Id. Because of this, Hall contends that he amended his complaints "at one time but [the complaints] were filed and served in separate filings and now the Court only recognizes the initial amended filing of complaints against Carol Mici, Jennifer Boyts, and Erin Gaffney, and all other complaints filed as suppl[e]ments are not on the record, d[e]spite complaints and summon[s] being served and filed." Id. at 2, 5.

Hall contends that the prior judge in this case dismissed Hall's claims against an assistant district attorney, a district attorney and judge despite the fact that Hall had alleged that he had a conflict of interest. Id. at 2. Hall states that complaints "were amended and the named were summonsed." Id. at 4. Hall indicates that he served District Attorney Capeless, Assistant District Attorney Pieropan, Judge Kinder, Alexandra Ely, Rose Dawson, Mary Coughlin, the "Dept. of Corrections Florida" and Mark Inch. Id.

As to Mark Inch and the Florida Department of Correction, Hall seeks to pursue claims concerning the conditions of confinement, including Hall's exposure to threats of violence and to COVID-19. Id. at 5. As to Ely, Dawson and Coughlin, Hall alleged in his original complaint

---

[6] The February 26, 2020 Memorandum and Order states, in relevant part, that an "amended complaint will completely replace, not supplement, the original complaint." D. 4 at p. 10.

that Ely, Dawson and Coughlin "injured, assaulted, and endangered [Hall's minor child]." D. 1 at p. 10.  As to Capeless, Pieropan and Kinder, Hall contends that their "immunity is void." D. 64 at p. 4.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), unless the amendment "would be futile, or reward, *inter alia*, undue or intended delay." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)).  To evaluate futility, the Court determines if the amended complaint fails to state a claim upon which relief could be granted, which is the same standard used by the Court to evaluate a motion to dismiss under Rule 12(b)(6).  Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001).

Here, Hall did not attach a copy of the proposed second amended complaint to his motion. Id.  Even if he had, however, Hall's proposed amendments would not correct the deficiencies in the original and first amended complaints.  See Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 10708 (1st Cir. 2013).  Although Hall contends that his claims against District Attorney Capeless, Assistant Attorney Pieropan and Judge Kinder are not barred by the doctrines of judicial and prosecutorial immunity, Hall's claims are also barred because he seeks to challenge actions taken in relation to his criminal prosecution.  See Imbler v. Pachtman, 424 U.S. 409, 422-23 (1976) (holding that a prosecuting attorney is absolutely immune from civil suits for damages under § 1983; Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (noting that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

To the extent Hall seeks to assert claims on behalf of his child against Ely, Dawson and Coughlin, because Hall is not an attorney, he cannot represent anyone other than himself in this action. See 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally or by counsel"); Herrera–Venegas v. Sanchez–Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (noting that "federal courts have consistently rejected attempts at third-party lay representation" and that "by law an individual may appear in federal courts only pro se or through legal counsel").

To the extent Hall seeks to add Mark Inch and the Florida Department of Correction as defendants, this Court lacks personal jurisdiction. Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (quoting Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)). Due process "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting Int'l Shoe Co. V. Washington, 326 U.S. 310, 319 (1945)). A court is precluded from asserting jurisdiction over a defendant unless "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Kuan Chen v. United States Sports Academy, Inc., 956 F.3d 45, 59 (1st Cir. 2020) (citing Burger King Corp., 471 U.S. at 474 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). Here there is no suggestion that Mark Inch or the Florida Department of Corrections had "meaningful contacts" with Massachusetts concerning the incidents in question such that they would anticipate being haled into court in Massachusetts to respond to allegations concerning conditions of confinement in a Florida prison. Based on the allegations in Hall's amended complaint and motion to amend, this Court lacks personal jurisdiction over Mark Inch and the Florida Department of Correction.

Thus, allowing Hall to file a second amended complaint to include new parties and new claims would be futile. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (explaining that " '[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted").

V.      **Motion for Reconsideration**

Hall now has filed a motion for reconsideration. D. 85. Hall's motion does not clearly identify which prior orders are the subject of this motion and, to the extent that the Court can discern which orders he challenges, he fails to set forth a legitimate basis for reconsideration. Id. The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). "Motions for reconsideration are appropriate only in limited circumstances: (1) if the moving party presents newly discovered evidence, (2) if there has been an intervening change in the law, or (3) if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009); see also Ferrara v. United States, 372 F.Supp.2d 108, 119 (D. Mass. 2005). These exceptions are "narrowly configured and seldom invoked." United States v. Connell, 6 F.3d 27, 31 (1st Cir. 1993).

To the extent that Hall seeks reconsideration of the denial of his motion for access to the courts, D. 85 at 1-2, as discussed above, Hall has failed to state an actionable claim for denial of access to the courts and his request for reconsideration must be denied.

It appears that Hall also seeks reconsideration of the order denying his request for an investigation of another judicial officer of this Court. D. 85 at 3-4. "Generally, a private citizen has no authority to initiate a federal criminal prosecution." Cannady v. Rathke, Civ. No. 09-07S, 2009 WL 335067, at *2 (D.R.I. Feb. 10, 2009) (citing Cok v Cosentino, 876 F.2d 1, 2 (1st Cir.

15

1989)).  To the extent Hall seeks to initiate a criminal investigation of a judicial officer, this Court is without jurisdiction or authority to grant such request.  Id.  Thus, such request for reconsideration must be denied.

Hall seeks reconsideration of the order denying his request to "remove immunity" from the Department of Corrections and its officials, D. 85 at 4-5.  There is no legal basis for doing so and, to the extent, that Hall is referencing qualified immunity, the Court's dismissal is on other grounds and did not reach this issue.

Hall seeks reconsideration of the order denying Hall's request to have this federal court adjust his state criminal sentence.  D. 85 at 5-7.  The Court denied Hall's motion because there is no legal basis to do so, even if Plaintiff prevailed on his Section 1983 claim here.  D. 76.  Hall also seeks reconsideration of the denial of his request for declaratory judgment that Hall was "disabled" by state corrections officers prior to sentencing.  D. 85 at 10.  Any direct challenge to Hall's criminal sentence cannot be brought in the instant action.  See Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973) (prisoner challenging the very fact or duration of his physical imprisonment and seeking determination that he is entitled to immediate release or speedier release from such imprisonment must proceed under habeas laws).

Hall seeks reconsideration of the denial of his request for appointment of counsel.  D. 85 at 7-8.  As discussed above, Hall's claims are subject to dismissal and, given the discretionary nature of appointment of counsel in civil matters, denies the motion to reconsider the denial of such appointment.

Hall seeks reconsideration of the denial of his requests for injunctive relief.  D. 85 at 11-12.  As discussed above, Hall fails to demonstrate a likelihood of success on the merits.  Thus, his request for reconsideration of the denial of his motions for injunctive relief is denied.

Hall seeks reconsideration of the denial of his discovery requests, D. 85 at 8–9, which the Court held to be premature at the time, D. 79, and which are not warranted given the dismissal in this Memorandum and Order.  Accordingly, this request for reconsideration is denied.

For all of these reasons, Hall's motion for reconsideration, D. 85 is DENIED.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS the defendants' motion to dismiss, D. 38, and DENIES Hall's motions for preliminary injunction, D 67, to amend, D. 64, and for reconsideration, D. 85.

**SO ORDERED.**

                                                /s Denise J. Casper
Denise J. Casper
United States District Judge